

2004 Decisions

12-22-2004

# De Yun Li v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1551

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"De Yun Li v. Atty Gen USA" (2004). *2004 Decisions.* Paper 47.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/47

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No: 03-1551
_____

DE YUN LI,

Petitioner


v.

John Ashcroft, Attorney General of the
United States of America,

Respondent


_____


On Petition for Review of an Order of the
Board of Immigration Appeals
(Board No. A70 897 834)
_____


Submitted Under Third Circuit LAR 34.1(a)
on May 24, 2004


BEFORE:  ROTH and STAPLETON, Circuit Judges, and
SCHWARZER,* Senior District Judge


(Filed December 22, 2004 )

_____

*The Honorable William W Schwarzer, Senior United States District Judge for the
Northern District of California, sitting by designation.

OPINION

ROTH, Circuit Judge:

De Yun Li seeks review of a September 9, 2002 decision of the Board of Immigration Appeals (BIA) affirming the decision of the Immigration Judge to deny his application for asylum. Li also seeks review of the BIA's January 1, 2003, decision denying his motion to reconsider or reopen his case.

De Yun Li, a citizen of China, entered the United States illegally on June 10, 1993. He filed an application for asylum, claiming that his wife was forced to have an Intrauterine Device (IUD) inserted and that, when that device failed, she was forcibly sterilized by the Chinese government. He further alleged that he was forced to pay a fine for violating China's family planning policy and that he feared that the government would arrest him and make him pay additional fines or forcibly sterilize him.

The Immigration Judge, in an oral decision, denied Li's application for asylum on March 23, 1999. Li appealed the decision to the BIA, but they dismissed his appeal on September 9, 2002. Li filed a motion to reconsider with the BIA on October 9, 2002, asserting merely that he had testified truthfully. Li also attached an affidavit from his wife and a photograph of his family in support of his claim. The BIA denied Li's motion for reconsideration on January 1, 2003, noting that Li had "merely reiterated the basis of

his asylum claim." The BIA construed the additional affidavit and picture as a motion to reopen and stated that Li had offered no evidence that these documents were not available at the time of Li's hearing before the Immigration Judge.

We first note that we have no jurisdiction to review Li's direct appeal to the BIA. The BIA's final decision was issued on September 9, 2002. Li then had 30 days to appeal. See 8. U.S.C. §1252(b)(1). This 30-day filing period is "jurisdictional in nature and must be construed with strict fidelity to [its] terms." Stone v. INS, 514 U.S. 386, 405 (1995). Li did not file his appeal until February 27, 2003, well past this 30-day period. Furthermore, the fact that Li filed a motion to reconsider/reopen with the BIA does not toll his appeal time. See Stone, 514 U.S. at 406 (holding that a deportation order's "finality is not affected by the subsequent filing of a motion to reconsider"). We therefore have no jurisdiction to consider Li's appeal of the BIS's September 9, 2002, order.

We have jurisdiction over the BIA's denial of Li's motion to reconsider/reopen pursuant to 8 U.S.C. §1252(a)(1). We review the BIA's denial of a motion to reconsider or reopen for abuse of discretion, "mindful of the 'broad' deference that the Supreme Court would have us afford" the BIA. Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001) (citing INS v. Abudu, 485 U.S. 94, 110 (1988)); Nocon v. INS, 789 F.2d 1028, 1033 (3d Cir. 1986). This is because "[t]he granting of a motion to reopen is . . . discretionary and the [BIA] has broad discretion to grant or deny such motions." INS v. Doherty, 502 U.S.

3

314, 323 (1992) (internal citations omitted).

A motion to reopen must be "based on new evidence [that] was not available and could not have been discovered and presented at the [initial] hearing." <u>Marrero v. INS</u>, 990 F.2d 772, 779 (3d Cir. 1993) (<u>citing</u> 8 C.F.R. §§242.22, 3.2). In Li's motion to reopen, Li attached a picture of his family and an affidavit from his wife that corroborated his story, but he did not indicate why these could not have been obtained previously.

A motion to reconsider must "specify the errors of law or fact in the previous order" and must "be supported by pertinent authority." 8 U.S.C. §1229a(c)(5)(C). As the BIA noted in its decision, Li's motion for reconsideration merely reiterated the original basis for his claim and asserted that he testified truthfully. Li did not point to any specific legal or factual error that the Immigration Judge made.

For the foregoing reasons, we find no abuse of discretion by the BIA in its denial of the motion to reopen/reconsider, and we will deny Li's petition for review.